**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-1933**

———————————

ARTHUR W. MASSEY,

                    Plaintiff – Appellant,

          v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                    Defendant - Appellee.

———————————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Max O. Cogburn, Jr.,
District Judge.  (3:12-cv-00385-MOC)

———————————

Submitted:  November 21, 2013      Decided:  November 25, 2013

———————————

Before KING, DUNCAN, and DIAZ, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Arthur W. Massey, Appellant Pro Se. Hugh Dun Rappaport, SOCIAL
SECURITY ADMINISTRATION, Boston, Massachusetts, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur W. Massey appeals the district court order upholding the Commissioner of Social Security's decision finding Massey ineligible for Social Security Income (SSI) payments as of September 2009, because he acquired non-home real properties that increased his creditable resources above the limit for SSI eligibility. We have reviewed the record and find no reversible error. Accordingly, we affirm substantially for the reasons stated by the district court.[*] Massey v. Colvin, No. 3:12-cv-00385-MOC (W.D.N.C. July 17, 2013). We deny Massey's motion to reinstate SSI payments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] While Massey appears to assert on appeal that the agency improperly refused to approve a plan to achieve self-support ("PASS") that would allow him to exclude the challenged properties from his resources determination, Massey did not fairly raise this issue before the district court, where he argued that he had received the properties as part of a PASS. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) (declining to consider issues raised for first time on appeal absent exceptional circumstances). In any event, the record provides no indication that Massey ever submitted a PASS to the Social Security Administration or that he meets the requirements to qualify for a PASS. See 20 C.F.R. § 416.1226 (2013) (requirements for PASS).

2